FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2014 SEP 29 AM 10: 32

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

BRIAN MOSS and KATHLEEN MOSS,    )
                                      )
      Plaintiffs,    )
                                        )
      v.    )     Case: 3:14-cv-1181-J-32JBT
                                        )
BAYVIEW LOAN SERVICING, LLC,    )
                                        )
      Defendant.    )

## PLAINTIFF'S COMPLAINT

Plaintiffs, BRIAN MOSS AND KATHLEEN MOSS (together "Plaintiffs"), through their attorneys, The Law Offices of Robert Peters, P.A., alleges the following against Defendant, BAYVIEW LOAN SERVICING, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

### JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

1

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

6. Plaintiffs are natural persons residing in Fernandina, Nassau County, Florida.

7. Plaintiffs are consumers as that term is defined by the FDCPA and the FCCPA.

8. Plaintiffs allegedly owe a consumer debt as that term is defined by the FDCPA and the FCCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and FCCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is national mortgage servicer located in Coral Gables, Miami-Dade County, Florida.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. Defendant engages in debt collection in the State of Florida.

14. Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed.

15. During the course of its attempts to collect debts owed or due or asserted to be owed or due another, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

2

17. Defendant is attempting to collect a consumer debt from Plaintiffs, loan number 600833 ("Account"), regarding property located at 86020 Maple Leaf Place, Yulee, Florida, 32097.

18. Plaintiffs' alleged debt owed arises from transactions for personal, family, and household purposes.

19. On December 28, 2009, Plaintiffs filed a Voluntary Bankruptcy Petition in the United States Bankruptcy Court, Middle District of Florida, Case No.: 3:09-bk-10807-JAF.

20. The real property located at  __                    , Yulee, Florida, 32097, was properly scheduled in Plaintiffs' Voluntary Bankruptcy Petition Schedule D, attached as Exhibit A.

21. Defendant was properly scheduled in Plaintiff's Voluntary Bankruptcy Petition.

22. Plaintiffs scheduled Defendant in Plaintiff's bankruptcy at an address known to be Defendant's address.

23. On January 1, 2010, Joseph Speetjens, at the Bankruptcy Noticing Center, mailed, by first-class mail, Plaintiffs' Bankruptcy Petition to Defendant at Bank of America/ Countrywide Bankruptcy sv-314B, P.O. Box 5170, Simi Valley, CA 93062-5170.

24. Plaintiffs' Bankruptcy Petition mailed to Defendant on January 1, 2010, was not returned by the post office.

25. Shortly after Plaintiffs filed for bankruptcy, Defendant received notice of Plaintiffs' Voluntary Bankruptcy Petition.

26. Shortly after Plaintiffs filed for bankruptcy, Defendant had knowledge of Plaintiffs' Voluntary Bankruptcy Petition.

27. Shortly after Plaintiffs filed for bankruptcy, Defendant had Plaintiffs' bankruptcy attorney's name, address, and telephone number.

3

28. On May 5, 2010, the Bankruptcy Court entered a discharge in this case under 11 U.S.C.

    §727, which discharged Plaintiffs from personal liability on the indebtedness owed to

    Defendant. *See* Discharge Order attached as Exhibit B.

29. The explanation accompanying the Discharge Order from the Bankruptcy Court provided

    the following information to Defendant:

> The discharge prohibits any attempt to collect from the debtor a debt
> that has been discharged.  For example, a creditor is not permitted
> to contact a debtor by mail, phone, or otherwise, to file or continue
> a lawsuit, to attach wages or other property, or to take any other
> action to collect a discharged debt from the debtor…. A creditor who
> violates this order can be required to pay damages and attorney's
> fees to the debtor.
>
> However, a creditor may have the right to enforce a valid lien, such
> as a mortgage or security interest, against the debtor's property after
> the bankruptcy, if that lien was not avoided or eliminated in the
> bankruptcy.

30. On May 7, 2010, Joseph Speetjens, at the Bankruptcy Noticing Center, mailed, by first-

    class mail, the Discharge Order to Defendant at Bank of America/Countrywide,

    Bankruptcy sv-314B, P.O. Box 5170, Simi Valley, CA 93062-5170.

31. The Discharge Order mailed to Defendant on May 7, 2010, was not returned by the post

    office.

32. Shortly after the Bankruptcy Court entered a discharge, Defendant received notice of the

    discharge.

33. Shortly after the Bankruptcy Court entered a discharge, Defendant had knowledge of

    Plaintiffs' bankruptcy discharge.

34. In approximately October of 2012, Defendant began placing collection calls to Plaintiffs

    in an attempt to collect on the Account.

4

35. On October 30, 2012, Defendant mailed a collection letter to Plaintiffs in an attempt to collect on the Account.

36. On at least one occasion, Plaintiff, BRIAN MOSS, spoke with Defendant, gave Defendant Plaintiffs' counsel's contact information, and told Defendant to stop calling.

37. Despite having Plaintiffs' counsel's contact information, Defendant continued to place collection calls to Plaintiffs in an attempt to collect on the Account.

38. Despite Plaintiffs' cease and desist request on the phone, Defendant continued to place collection calls to Plaintiffs in an attempt to collect on the Account.

39. Defendant attempted to collect the Account from Plaintiffs on more than one occasion after Plaintiffs filed a Voluntary Bankruptcy.

40. Defendant attempted to collect the Account from Plaintiffs on more than one occasion after the alleged debt was discharged.

41. On February 19, 2013, Plaintiffs filed a law suit against Defendant, case number 3:13-cv-00187-MMH-TEM, brought under the FCCPA.

42. Defendant settled case number stated above with Plaintiffs and Plaintiffs filed a voluntary dismissal on June 5, 2013.

43. On March 17, 2014, Defendant sent a collection letter to Plaintiffs in an attempt to collect on the Account. *See* Defendant's letter attached as Exhibit C.

44. On April 14, 2014, Defendant sent a collection letter to Plaintiffs in an attempt to collect on the Account. *See* Defendant's letter attached as Exhibit D.

45. Defendant's March 17, 2014 and April 14, 2014, collection letters to Plaintiffs contained the loan account number, outstanding balance, listed the payment amounts needed to bring the loan current, total amount due, and included a payment slip. *See* Exhibits C-D.

46. On May 15, 2014, Defendant sent a collection letter to Plaintiffs including the loan account number, total breakdown of the amount due to cure the default, attached as Exhibit E.

47. Defendant's May 15, 2014 letter to Plaintiffs contained the loan number, and discussed curing Plaintiff's default in order to avoid foreclosure. *See* Exhibit E.

48. Defendant's May 15, 2014 letter to Plaintiffs contained the property address, loan account number, and included that failure to cure the default would result in acceleration of the outstanding loan balance. *See* Exhibit E.

49. Plaintiffs believed these collection letters were attempting to collect a debt from Plaintiffs.

50. Defendant attempted to collect on the Account from Plaintiffs on at least one occasion after Plaintiffs filed a Voluntary Bankruptcy.

51. Defendant attempted to collect the Account from Plaintiffs on at least one occasion after the alleged debt was discharged.

52. Defendant attempted to collect the Account from Plaintiffs on at least one occasion after Defendant was aware that Plaintiffs were represented by an attorney with regard to the Account.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

53. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(2) of the FDCPA by communicating with Plaintiffs even though Defendant knew Plaintiffs were represented by an attorney and received attorney's information through the course of a bankruptcy filing;

   b. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt by sending

6

collection letters to the consumer after the debt was discharged in bankruptcy; and

c. Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character, amount, and/or legal status of the debt by sending collection letters to the consumer after the debt was discharged in bankruptcy.

WHEREFORE, Plaintiffs, BRIAN MOSS AND KATHLEEN MOSS, respectfully requests judgment be entered against Defendant, BAYVIEW LOAN SERVICING, LLC, for the following:

54. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

55. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

56. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

57. Plaintiff repeats and realleges paragraphs 1-52 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

58. Defendant violated the FCCPA based on the following:

a. Defendant violated the §559.72(9) of the FCCPA by attempting to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other right when such person knows that the right does not exist when Defendant repeatedly and continuously sent Plaintiff collections letters regarding an alleged debt which had been previously listed, and subsequently discharged in, Voluntary Bankruptcy proceedings with the United States Bankruptcy Court, Middle District of Florida, Case No.: 3:13-bk-01176.

b. Defendant violated the §559.72(18) of the FCCPA by communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address when Defendant repeatedly sent collections letters directly to Plaintiff despite having notice that Plaintiff had filed for Voluntary Bankruptcy with regards to the alleged debt and that Plaintiff had retained an attorney with regards to the alleged debt.

WHEREFORE, Plaintiffs, BRIAN MOSS AND KATHLEEN MOSS, respectfully requests judgment be entered against Defendant, BAYVIEW LOAN SERVICING, LLC, for the following:

59. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

60. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

Any other relief that this Honorable Court deems appropriate.

DATED: September 24, 2014     RESPECTFULLY SUBMITTED,

By:_____
Robert Peters
The Law Offices of Robert Peters, P.A.
1054 Kings Avenue
Jacksonville, FL 32207
Tel: 904-421-6907
Fax: 904-328-3778
Service.peterslaw@gmail.com
Attorney for Plaintiff

8